IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:17–CR-30173-NJR |
| KASSIM L. AQUIL, | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Motion to Dismiss Indictment (Doc. 34) and the Motion to Suppress Statements, Admissions, and Confessions (Doc. 35) filed on January 4, 2019, by Defendant Kassim Aquil. The Government responded to both motions on January 9, 2019 (Docs. 36, 37).

On October 18, 2017, Aquil was charged in a single-count Indictment with Assault Resulting in Serious Bodily Injury, in violation of 18 U.S.C. § 113(a)(6) (Doc. 1). The Indictment alleges that Aquil intentionally assaulted another inmate at FCI-Greenville, causing the inmate to suffer seriously bodily injury (*Id.*). Aquil's motion to dismiss states that, after the altercation, the Bureau of Prisons conducted an investigation and disciplinary proceedings began; however, the disciplinary proceedings were suspended once the incident was referred to the United States Attorney's Office for prosecution (Doc. 34). After consultation between the Assistant United States Attorney and the

Bureau of Prisons, the Government released the report for administrative proceedings on October 2, 2017 (*Id.*). A disciplinary proceeding commenced, and Aquil was punished by the Bureau of Prisons for the same offense stated in the Indictment (*Id.*). He lost 27 days of good conduct time, 90 days of commissary privileges, 90 days of phone privileges, and 90 days of visiting privileges, and he was sentenced to a term of segregation (*Id.*).

I. **Motion to Dismiss Indictment**

Aquil argues that the Fifth Amendment to the United States Constitution protects him from multiple punishments for the same crime, and that this proceeding constitutes a second punishment for the same offense. Thus, it is a violation of his double jeopardy rights, and the Indictment must be dismissed.

Counsel for Aquil admits that case law is not in his favor. Indeed, the Seventh Circuit has held on multiple occasions that "prison discipline does not preclude a subsequent criminal prosecution or punishment for the same acts." *Garrity v. Fiedler*, 41 F.3d 1150, 1152 (7th Cir. 1994); *see also United States v. Morales*, 312 F. App'x 823, 824 (7th Cir. 2009) ("We, together with every other circuit, have held that prison disciplinary proceedings do not implicate double jeopardy concerns."). This is because the prison disciplinary process determines whether a defendant has violated his conditions of incarceration and is designed to maintain institutional security and order, while criminal prosecution is designed to punish a defendant for violating criminal laws. *Id.*

Aquil asserts his case is distinguishable because the Government approved of the disciplinary proceedings moving forward, despite knowing that it would seek to charge and punish him for the same conduct. He also claims the penalties imposed by the Bureau

of Prisons were restrictions on his liberty and, thus, criminal in nature. Aquil presents no case law in support of his position, as counsel was unable to find any authority for such propositions. Neither has the Court. Accordingly, Aquil's motion is denied.[1]

## II.     Motion to Suppress Statements, Admissions, and Confessions

After the alleged altercation at FCI-Greenville, Aquil was interrogated by corrections officers on September 2, 2017 (Doc. 35). Aquil was not read his *Miranda* rights, nor was he given the option of a lawyer (*Id.*). Aquil claims the interrogation was custodial, as he was an inmate in a federal prison and not free to leave (*Id.*). Furthermore, his statements were not knowing or voluntary, as they "were the result of mental coercion, duress and threats" and were "obtained by trick, promises of leniency and false pretenses." (*Id.*). Additionally, Aquil was never informed of, nor did he waive, his right to remain silent or his right to have counsel present pursuant to *Miranda* (*Id.*). As a result, the statements obtained from Aquil were obtained in violation of 18 U.S.C. § 3501 and the Fifth and Sixth Amendments to the United States Constitution and must be suppressed.

In response, the Government acknowledges that on September 1, 2017, Aquil was interviewed without being read his *Miranda* rights, and he denied any involvement in the assault (Doc. 37). On September 4, 2017, Aquil was interviewed again without being read his *Miranda* rights and made incriminating statements regarding the assault (*Id.*). Finally, on October 5, 2017, after being read his *Miranda* rights, Aquil refused to provide a statement to prison officials regarding the assault (*Id.*).

---

[1] Defense counsel notes that *Gamble v. United States*, No. 17-246, is pending in the Supreme Court and may affect Double Jeopardy clause jurisprudence moving forward. Thus, counsel filed the instant motion to preserve Aquil's Double Jeopardy claim.

The Government indicates it does not intend to introduce any non-*Mirandized* statements made during the three interviews in its case-in-chief. The Government notes, however, that it does reserve the right to introduce the incriminating statements made during the September 4, 2017 interview to impeach Aquil if his testimony is inconsistent with such statements.

Generally, statements made in violation of *Miranda* are admissible for impeachment if their "trustworthiness . . . satisfies legal standards." *Mincey v. Arizona*, 437 U.S. 385, 397–98 (1978); *see also United States v. Madoch*, 149 F.3d 596, 601 (7th Cir. 1999) ("Statements taken in violation of *Miranda* can generally be used to impeach inconsistent trial testimony."). "But *any* criminal trial use against a defendant of his involuntary statement is a denial of due process of law, even though there is ample evidence aside from the confession to support the conviction." *Id.* (internal quotation omitted). Determination of whether a statement is involuntary requires a careful evaluation of the circumstances of the interrogation. *Id.* at 401.

At the same time, however, "[a] defendant who seeks to suppress evidence bears the burden of making a *prima facie* showing of illegality." *United States v. Randle*, 966 F.2d 1209, 1212 (7th Cir. 1992) (citation omitted); *United States v. Edgeworth*, 889 F.3d 350, 353–54 (7th Cir. 2018). "Reliance on vague, conclusory allegations is insufficient." *Id.* Instead, the "defendant must present 'definite, specific, detailed, and nonconjectural' facts that justify relief before a district court will grant a suppression hearing." *Id.* (citation omitted). "Additionally, these facts must be material, and they must be disputed." *Id.* (citing *United States v. Goudy*, 792 F.2d 664, 667 (7th Cir. 1986)).

The Government argues that Aquil has failed to make a *prima facie* case of involuntariness as to any of his statements. Aquil provided only two conclusory sentences indicating his statements were involuntary without citing any specific facts or evidence to support his claims. As such, the Government argues, Aquil's argument should be rejected outright. The Court agrees. Aquil's allegations are non-specific, conclusory, and lack any factual support. He has provided no information indicating how he was mentally coerced or threatened, nor has he given any specifics as to how the officers tricked him. Indeed, Aquil has "presented nothing whatsoever to support his motion to suppress." *Edgeworth*, 889 F.3d at 354. Accordingly, his motion is denied.

## CONCLUSION

For these reasons, the Motion to Dismiss Indictment (Doc. 34) and the Motion to Suppress Statements, Admissions, and Confessions (Doc. 35) filed by Defendant Kassim Aquil are **DENIED**.

**IT IS SO ORDERED.**

DATED: February 11, 2019

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**